ROBERTSON, Justice:
Schenley Affiliated Brands Corporation, a New York corporation, applied to the City of Jackson, Mississippi, for an exemption from municipal ad valorem taxes on its manufactured products stored in a private warehouse in Jackson, Mississippi.
The City Council denied the application because the appellee was not a local manufacturer and its products were not manufactured in Mississippi. In the opinion of the City Council, the appellee did not qualify for exemption under Section 9697.7 of the Mississippi Code of 1942 Annotated (Supp.1968).
Appellee appealed to the circuit court 'of the First Judicial District of Hinds County, Mississippi, and that court reversed the order of the City Council and ordered the Council to grant the exemption. From that judgment, the. City of Jackson appealed.
For a proper disposition of this case, we consider Assignments of Error 2 and 5 only:
“2. The Court erred when it allowed tax exemption on a class of property which does not aid and encourage the establishment of manufactories within the limits of the City of Jackson.”
“5. The Court erred when it enlarged upon the public policy designated by the Constitution.”
Section 9697.7 supra provides in part:
“All manufactured products owned by or remaining in the hands of a manufacturer, or its subsidiary, and located within the State of Mississippi, either at the plant of said manufacturer or its subsidiary, or in a warehouse, public or private, which products ultimately are to be shipped or sold to other than the final consumer, and not at retail, shall be and all such products are exempt from all state, county and municipal ad valorem taxes.
* * * * * *
“Provided further, after July 1, 1966, any county or municipality may elect to come under the provisions of this act for a term of years not to exceed ten (10) years, by passing a resolution spread upon its minutes determining that such county or municipality elects to come under the provisions of this act for said term of years. Provided further, that a copy of said resolution shall be forwarded to the State Tax Commission. When said determination is made by a county or municipality, the resolution may not be rescinded during said term of years to which it applies.” (Emphasis added).
The City of Jackson did elect to come under the provisions of Section 9697.7 upon condition that:
“The granting of said exemption will be considered on each manufacturer up *453 on its application to the Council for such exemption, and if from the said application it appears that the manufacturer comes within the provision of said House Bill 452, the Council will grant exemption for a period not to exceed five years.”
We think the intent and purpose of the Legislature becomes clear when we consider this language from Section 9697.7: “All manufactured products owned by or remaining in the hands of a manufacturer, * * * located within the State of Mississippi, either at the plant of said manufacturer * * * or in a warehouse, public or private, * * * ” along with Sections 182 and 192 of the Mississippi Constitution, which provide:

Section 182

“The power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof may be a party, except that the Legislature may grant exemption from taxation in the encouragement of manufactures and other new enterprises of public utility extending for a period of not exceeding ten (10) years on each such enterprise hereafter constructed, and may grant exemptions not exceeding ten (10) years on each addition thereto or expansion thereof, and may grant exemptions not exceeding ten (10) years on future additions to or expansions of existing manufactures and other enterprises of public utility. The time of each exemption shall commence from the date of completion of the new enterprise, and from the date of completion of each addition or expansion, for which an exemption is granted. When the Legislature grants such exemptions for a period of ten (10) years or less, it shall be done by general laws, which shall distinctly enumerate the classes of manufactures and other new enterprises of public utility, entitled to such exemptions, and shall prescribe the mode and manner in which the right to such exemptions shall be determined.” (Emphasis added).

Section 192

“Provision shall be made by general laws whereby cities and towns may be authorized to aid and encourage the establishment of manufactories, gasworks, waterworks, and other enterprises of public utility other than railroads, within the limits of said cities or towns, by exempting all property used for such purposes from municipal taxation for a period not longer than ten years.” (Emphasis added).
In Robertson, State Revenue Agent, v. Southern Paper Company, 119 Miss. 113, 80 So. 384 (1918), this Court said:
“The legislature can, of course, confer upon towns and cities, by general laws, the power to encourage the establishment of manufactories within the corporate limits. This power is not only conferred upon the legislature, but the legislature is admonished to do this very thing. The question then is: Does the exemption claimed here square with section 192 of the Constitution? In other words, do the facts show that the manu-factory in question had not been established before the enactment of the ordinance which grants the exemption?” 119 Miss. at 126, 80 So. at 385. (Emphasis added).
* * * * * *
“The contract and ordinance were ultra vires. It is one thing to secure the location or establishment of manufactories, and quite another thing to exempt a factory already established.” 119 Miss. at 128; 80 So. at 385.
The decision in Robertson followed the earlier decision in Adams, State Revenue Agent, v. Lamb-Fish Lumber Company, 103 Miss. 491, 60 So. 645 (1912), wherein this Court said:
“The real and only point to be decided in the present case goes to the foundation *454 of the defense, and involves the power of the town authorities to exempt from municipal taxation an existing, going manufactory. If the power exists, it is to be found in section 3347 (Thirty-first), Code 1906, viz: ‘To aid and encourage the establishment of manufac-tories, gasworks, waterworks, and other enterprises of public utility other than railroads, within the corporate limits, by exempting all property used for such purposes from municipal taxation for a period not longer than ten years.’ This section is written in the language of section 192 of the Constitution, and a correct interpretation of ‘aid and encourage the establishment of manufac-tories’ will furnish a solution of the controversy in the present case. It will be observed the section does not confer upon the municipality the broad power to aid and encourage manufactories, but the power to aid and encourage is limited to the establishment of manufactories. The power to exempt from taxation a selected class of property must be strictly construed, and cannot be broadened to cover property not included in the definition. The theory is that all property is subject to taxation, and the makers of our Constitution carefully limited the authority of the legislature to confer upon cities and towns the power to exempt the class of property specifically mentioned in section 192.” 103 Miss. at 504, 60 So. at 646. (Emphasis added).
In squaring the statute, Section 9697.7, with the Constitutional limitations, Sections 182 and 192, and thus preserving the constitutionality of the statute, we hold that the language:
“All manufactured products owned by or remaining in the hands of a manufacturer, or its subsidiary, and located within the State of Mississippi, either at the plant of said manufacturer or its subsidiary, or in a warehouse, public or private, * *
means products manufactured in Mississippi, and not products manufactured outside of the State and merely warehoused in Mississippi.
We find that the order of the appellant City, denying the application for exemption of the appellee, was correct, and the circuit court was in error in reversing the order of the City Council.
The judgment is reversed and the order of the city council reinstated.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.